**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN SALVADOR VAZQUEZ-SALGADO, AKA Cristian Vazquez,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    20-70322<br><br>Agency No. A214-123-614<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Christian Salvador Vazquez-Salgado, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for relief under the Convention Against Torture ("CAT").  Our

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review factual findings for substantial evidence.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's denial of CAT relief because Vazquez-Salgado failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the merits of Vazquez-Salgado's asylum and withholding of removal claims because the BIA did not reach them, *see Santiago-Rodriguez v. Holde*r, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Vazquez-Salgado does not contend the BIA erred in finding that he withdrew those claims or abused its discretion in declining to remand in order to pursue them, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

We lack jurisdiction to consider Vazquez-Salgado's contentions that the IJ ignored evidence or otherwise erred in its analysis of his claims, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below), and we reject as unsupported by the record Vazquez-

Salgado's contentions that the BIA ignored evidence or otherwise erred in its analysis of his claims.

We do not consider the materials Vazquez-Salgado references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 14) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**